Morrissey v. Donohue.

## THOMAS MORRISSEY V. JAMES DONOHUE.

HOMESTEAD—*Whole Tract; Constructive Use.* It is often the case that the owner of a tract of land, which he occupies and claims as his homestead, does not actually use every part and portion thereof; but so long as the whole tract is devoted to the purposes of a homestead, and not to any other purpose inconsistent with the owner's homestead interests, the whole of the tract, up to 160 acres of farming land or one acre within the limits of an incorporated town or city, will be considered as a part of the owner's homestead, whether he actually uses every part and portion thereof or not. Under such circumstances all is constructively used.

*Error from Leavenworth District Court.*

MAY 5, 1883, the plaintiff *Morrissey* moved the court to confirm a sheriff's sale of the north 49 feet of lot 1, in block 9, of Clark & Rees's addition to the city of Leavenworth, and at the same time the defendant *Donohue* moved the court to set aside the sale on the ground that the property sold was a part of his homestead, and therefore exempt from execution. The court heard the motions together upon affidavits and oral evidence, and overruled plaintiff's motion and sustained the defendant's motion. These rulings the plaintiff brings here for review. The facts are stated in the opinion.

*C. F. W. Dassler,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is, whether the north 49 feet of lot 1, in block 9, of Clark & Rees's addition to the city of Leavenworth, is, and has been since September 16, 1875, a part of the homestead of the defendant, James Donohue? The facts of the case appear to be substantially as follows: In 1875, and prior thereto, and for some time afterward, Donohue owned all of lots 1 and 2 in the block aforesaid, both lots being within one inclosure and constituting a single tract of land 90 feet wide by 140 feet long, each lot being 45 feet wide east and west, and 140

feet long north and south, and lot 1 being on the east side of the other lot. Donohue was a married man, with a wife and children, who resided upon these lots, and occupied the same as their homestead. Donohue's dwelling was situated on the south ends of these lots. He had also built a small one-story house 49 feet from the north end of the lots and extending across lot 1 and upon the east side of lot 2 about two feet, which house he rented to tenants. On September 16, 1875, a judgment was rendered in favor of Morrissey and against Donohue, for $397.77 and costs; and the judgment not being paid, an execution was issued thereon, and levied upon the small tenement house, with the ground upon which it stood, and the same was sold at sheriff's sale on June 8, 1877, and the sale was confirmed, it being held that such property was not exempt from execution. (*Ashton v. Ingle*, 20 Kas. 670.) Afterward, and on March 14, 1883, another execution was issued, which was levied upon the north 49 feet of said lot 1, and the same was sold on April 23, 1883, at sheriff's sale. On May 5, 1883, the plaintiff moved the court to confirm such sale, and at the same time the defendant moved the court to set aside the sale, claiming that the property sold was a part of his homestead, and therefore exempt from execution. The court below heard the motions together upon affidavits and oral evidence, and overruled the plaintiff's motion, and sustained the defendant's motion, to which rulings the plaintiff excepted; and he now brings the case to this court, and asks for a reversal of such rulings, and of the decision of the district court.

We think the decision of the district court is correct. The property levied upon was a part of the same tract of land which was occupied by the defendant as his homestead. It was a part of his inclosure. No fence or anything else separated it from his other land. No other person ever lived upon it or occupied it as a homestead; and the defendant never rented it to any person for any purpose, but always occupied it himself and used it himself, whenever he had any occasion to use it. It is true, however, that at one time he permitted the man

who lived in the tenement house to use this land as a wood-yard; but such use was merely temporary or permissive, and not inconsistent with the defendant's homestead interests. He charged nothing for it. There were no buildings on this piece of land, but it was simply inclosed with a fence, along with the rest of the defendant's land. We think it constituted a part of his homestead.

The plaintiff seems to rely almost exclusively upon the decision of this court, made in the case of *Ashton v. Ingle*, 20 Kas. 670; but that case is very different from this. In that case the following language is used in the opinion, which will show upon what theory that cause was decided:

"But the law, however, does not use the words 'homestead' and 'occupied' and 'residence' in any narrow or limited sense. The word 'homestead' does not include merely the dwelling house, but it also embraces everything connected therewith which may be used and is used for the more perfect enjoyment of the home—such as out-houses for servants, for stock, or property, gardens, yards, and farming land to the extent of 160 acres, or land within the limits of any incorporated town or city to the extent of one acre. The word 'occupied' does not always require an actual occupancy, but it may sometimes permit a constructive occupancy. The word 'residence,' like the word 'homestead,' is not confined merely to the dwelling house, but it may also include everything connected therewith used to make the home more comfortable and enjoyable. But the words 'homestead' and 'residence' cannot be intended to include some other and independent family's home and residence. Where houses and lots are rented for a money rent to tenants, who are not servants or employés of the owner, with the intention that such houses and lots shall become the homes and residences of such tenants and their families, and they actually do become the homes and residences of such tenants and their families, the owner certainly cannot then claim that such houses and lots are a part of his own home and residence, although they may adjoin the same." (20 Kas. 681, 682.)

It is often the case that the owner of a tract of land, which he occupies and claims as his homestead, does not actually use every part and portion thereof; but so long as the whole tract is devoted to the purposes of a homestead, and not to any other

purpose inconsistent with the owner's homestead interests, the whole of the tract, up to 160 acres of farming land, or one acre within the limits of an incorporated town or city, will be considered as a part of the owner's homestead, whether he actually uses every part and portion thereof, or not. Under such circumstances all is constructively used.

The judgment of the court below will be affirmed.

All the Justices concurring.