JAMES LOGAN LINN *et al.* v. LEWIS W. ZIEGLER *et al.*

No. 13,495. (75 Pac. 489.)

SYLLABUS BY THE COURT.

1. HOMESTEAD AND EXEMPTIONS—*Estoppel.* One who pleads that a tract of land was occupied at a certain time by himself and family as their homestead, such claim having reference to the complete title to the land and not merely to an undivided fractional interest therein, is thereby estopped to assert that such tract was at the same time the homestead of another.

2. LIMITATION OF ACTIONS—*Foreclosure after Death of Mortgagor—Demand against Estate.* A cause of action for the foreclosure of a mortgage does not accrue upon the death of the mortgagor and the allowance by the probate court of the note secured by the mortgage as a demand against the estate, without regard to the maturity of the mortgage debt; and such allowance does not set the statute of limitations in operation against such action.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed February 6, 1904. Affirmed.

*S. B. Isenhart,* and *W. F. Schoch,* for plaintiffs in error.

*Bergen & Dana,* for defendants in error.

The opinion of the court was delivered by ·

MASON, J. : Lewis W. Ziegler brought an action against James L. Linn and wife to foreclose a real-estate mortgage executed by Harriett Matney, and recovered judgment, which defendants now ask this court to reverse. The trial court made detailed findings of fact, some of which plaintiffs in error claim are not supported by evidence. An examination of the record has resulted in the conclusion that this complaint is not well founded, and the findings will be accepted as conclusive without further discussion, except in connection with one to the effect that at the date of the mortgage the property covered was not the mortgagor's homestead. This, on account of its importance in the determination of the case, and because it of necessity partakes somewhat of the nature of a conclusion of law, will be considered together with the other legal questions involved.

The first objection urged against the mortgage, which was made by a married woman without her husband's consent, is that it is void because it covered a part of the homestead. The mortgaged tract was the south half of a quarter-section of land, an undivided seven-eighths of which was owned by Harriett Matney, the mortgagor, the remaining undivided one-eighth being owned by James L. Linn, her son. There was located on the north half of the quarter-section the family dwelling-house of Mrs. Matney and her husband, with the orchard, barns and other buildings pertaining thereto. Linn and his wife occupied the south half as their homestead. Linn farmed parts of both tracts, paying rent therefor to Mrs. Matney. The question is not whether these considerations compel the conclusion that the south half was not a part

34—68 KAN.

of Mrs. Matney's homestead, but whether they compel the conclusion that it was. In *Hay v. Whitney*, 59 Kan. 771, 51 Pac. 896, it was said : "There cannot be two homesteads in a single tract of land belonging to different persons at the same time." But this language was used where one of the two persons claiming a homestead right held under the other, his estate being carved out of the other's.

In Kansas the owner of an undivided interest in real estate may assert a homestead right to the extent of that interest, in no wise, however, to the prejudice of his cotenant. (*Tarrant v. Swain*, 15 Kan. 146.) And no reason is apparent why the cotenant may not likewise enjoy the same protection as to his interest. (*Meguiar v. Burr*, 81 Ky. 32.) But in order for this south eighty acres to have been a part of the Matney homestead, it must have been actually or constructively occupied as a part of the home place and regarded as such. It would not of necessity become a part of the homestead by the mere fact of contiguity, regardless of the use made of it, or the attitude of the owners towards it. "In order that anything shall be a part of the homestead, it must not only be connected therewith as one piece of land is connected with another to which it adjoins, but it must also be used in connection therewith and as a part thereof. In legal phrase, it must be appurtenant thereto." (*Ashton v. Ingle*, 20 Kan. 670, 682, 27 Am. Rep. 197.) "The fact that it is adjacent, and that the ground covered by it, together with the farm, does not exceed 160 acres, does not change the character of the use." (*Mouriquand v. Hart*, 22 Kan. 594, 597, 31 Am. Rep. 200.)

It is true that upon the facts so far stated herein there might appear to be a sufficient common use of the property to warrant a claim of homestead in the

entire tract of 160 acres. Granting that the mere physical conditions are not inconsistent with such a claim, the important inquiry remains as to how the parties in interest regarded the matter. The law does not require that every part of a homestead shall be in actual use by the owner, but it does require that the whole tract must be devoted to the purposes of a homestead and not to any other purpose inconsistent therewith. (*Morrissey v. Donohue*, 32 Kan. 646, 5 Pac. 27.)

Here the defendants pleaded in their answer, which was a part of the pleadings upon which the case was tried, that from a time prior to the making of the mortgage they continuously occupied the mortgaged property as their homestead. It is especially to be noted that this allegation is an assertion of a homestead interest, not merely to the extent of the undivided one-eighth interest of James L. Linn in the quarter-section, but to the extent of the entire title to the south half. This distinctly appears from the language of the answer, which alleges that they occupied this tract as owners by title acquired from Mrs. Matney, although the court finds that they occupied it in the expectation that she would devise it to Linn. The Linns are in court asserting that the mortgaged property at the time the mortgage was made was their homestead. They cannot be heard to question that fact. And the land cannot have been their homestead in the sense in which this claim is made, and at the same time have been the homestead of the Matneys. "The word 'residence,' like the word 'homestead,' is not confined merely to the dwelling-house, but it may also include everything connected therewith used to make the home more comfortable and enjoyable. But the words 'homestead' and 'residence' cannot be intended to include some other and independent family's home and residence." (*Ashton v. Ingle*, supra.)

Under the pleadings, as well as under the findings, it must be said that all of the parties concerned elected to consider the south eighty acres as the Linn homestead and to confine the Matney homestead to the north eighty. This was their privilege. The law did not force the Matneys to occupy the full 160 acres as their homestead. It was competent for them, as suggested in *Hoffman v. Hill*, 47 Kan. 611, 28 Pac. 623, totally to abandon the south half by making it another person's homestead. This was done and it results that the mortgaged property was not the homestead of the mortgagor, and that the mortgage was valid. In *Matney v. Linn*, 59 Kan. 613, 54 Pac. 668, the same property was involved and the entire quarter-section was treated as the homestead of the Matneys. This was in accordance with a stipulation there made, but as Ziegler was not a party to that action he was not affected by it.

The following facts are relied upon as estopping plaintiff from recovering upon this mortgage : Harriett Matney having died, Ziegler exhibited his note to the administrator and had it allowed by the probate court. Thereafter, being informed and believing that at the time of the execution of the mortgage the land covered by it was a part of the Matney homestead, and finding the estate to be insolvent, he executed a satisfaction of the mortgage on the margin of the record and began an action in the district court against James L. Linn, to whom Mrs. Matney had conveyed the land, asking to have the conveyance set aside and the land subjected to the payment of his claim as a demand against the estate. In this he was defeated. Learning afterward that the property had not been a part of the mortgagor's homestead, he brought the present action, alleging that he had executed such release and brought such suit under a mistake of fact.

The presentation and allowance of the claim in the probate court does not prevent a resort to the foreclosure of the mortgage. "Neither the presentation of the claim in the probate court nor the failure to present it precludes the foreclosure of the mortgage lien until the mortgage debt has been paid or extinguished." (*Andrews v. Morse,* 51 Kan. 30, 32 Pac. 640.) The signing of the satisfaction of the mortgage reciting a payment of the debt was without any significance and presents no difficulty. Nothing was in fact paid. The mortgagee derived no benefit from it, the owner of the land was in no way prejudiced. No rights of third parties intervened. It was made through a mistake of fact, and the court properly held it to be without effect. (*Loan Co. v. Garrity,* 57 Kan. 805, 48 Pac. 33.)

The former action was not a bar to the present one. No question of the rights of plaintiff under the mortgage was then litigated. The two causes of action were not the same. The grounds of relief in the two are so far inconsistent that the election to pursue the first, if made with a full knowledge of all the facts, would doubtless bar the subsequent resort to the second. But to conclude the plaintiff, the election must have been made with knowledge of all the facts, whereas he was mistaken in the most important matter affecting his rights. (2 Story on Eq. Jur., 13th ed., § 1097 ; *Wells, Fargo & Co. v. Robinson,* 13 Cal. 133 ; 7 Encyc. of Pl. & Pr. 366.)

It is claimed that the statute of limitations had barred the remedy. This contention is based upon the fact that the demand against the estate had been allowed more than six years before the commencement of this action, the argument being that the note was merged in the judgment in the probate court and that

action on the judgment was barred in five years. The allowance of a demand against an estate by the probate court has some of the attributes of an ordinary judgment, but not all of them. The statute requires all claims that are to be asserted against the general assets of the estate to be presented within a stated time, no exception being made in the case of immature obligations; but the fact that they must be presented before due does not mature the obligation. The right to foreclose the mortgage in this case did not accrue until the maturity of the note, and the action was brought within five years from that time.

The judgment is affirmed.

All the Justices concurring.