751 P.2d 1000
**STATE of Arizona, Appellee,**

v.

**Louis J. GARDELLA, Appellant.**

**No. 1 CA–CR 11326.**

Court of Appeals of Arizona,
Division 1, Department A.

March 17, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Georgia B. Ellexson and Vicki Gotkin Adler, Asst. Attys. Gen., Phoenix, for appellee.

William J. Samuels, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

The sole issue raised by this appeal is whether the entry into a laundry room of a motel is a burglary of a non-residential structure.

The defendant, Louis J. Gardella, was charged with burglary of a non-residential structure, a class 4 felony. He was convicted of breaking into the laundry room of the Ramada Inn at Metro Center in Phoenix, Arizona. The laundry room was part of the main building which also contains rooms for hotel guests and permanent housing for the hotel manager. The laundry room has two doors: one opening to the outside and one opening into the hotel proper. Both of these doors have locks. The defendant entered by the outside door.

Following his conviction, the defendant moved for judgment of acquittal on the basis that the evidence showed that if a burglary was committed, it was of a "resi-

dential structure" and therefore he could not be found guilty of burglary of a non-residential structure. This motion was denied and the defendant was subsequently sentenced to two years probation. The defendant has appealed, raising only the issue voiced in his motion for acquittal.

Arizona has enacted a burglary statute in which the severity of punishment depends in part upon whether the structure being burglarized is characterized as residential or non-residential. *See* A.R.S. §§ 13–1506, –1507 and –1508. Thus, burglary of a "non-residential structure" is a class 4 felony (carrying a penalty in the range of 2 to 5 years), while burglary of a residential structure is a class 3 felony (carrying a penalty of 3.75 to 10 years.) The reason for the difference in the severity of punishment is that burglary of a residence is more serious because it gives "rise to the possibility of confrontation and possible injury." R. Gerber, S. Twist and P. McDonald, *The New Criminal Code with Commentary* (State of Arizona Bar Publication 1977) at 110.

This "possibility of confrontation" is based on the assumption that burglaries occur when the burglar has the least possibility of being apprehended—when the structure is unoccupied. This is relatively easy to ascertain in regard to businesses or other non-residential structures; that is, during non-business hours or when the normal activity conducted on the premises has ceased. However, a residential structure has no "business hours", but is normally occupied at all times of the day and night. Thus the odds of the burglar coming in contact with the occupant and the resulting confrontation that would ensue are higher in a residential structure than a non-residential structure.

With this analysis in mind, we turn to the statutory definition of the terms germane to this controversy.

A.R.S. § 13–1501 provides in part:

6. "Non-residential structure" means any structure other than a residential structure.

7. "Residential structure" means any structure, movable or immovable, perma-nent or temporary, adapted for both human residence and lodging whether occupied or not.

8. "Structure" means any building, object, vehicle, railroad car or place with sides and floor, separately securable from any other structure attached to it and used as lodging, business, transportation, recreation or storage.

Based upon this definition, the defendant argues that a motel is used for residence and lodging and therefore entry into a building used for such purposes is a burglary of a residential structure.

On the other hand, the state argues that the laundry room is a "place with sides and a floor, separately securable from any other structure attached to it" and is not used for lodging and therefore is a "non-residential structure".

It is true that the statute contemplates the word "structure" to include not only the entire building but also lesser included structures which may be attached thereto. However, if we isolate our attention upon the word "structures" alone, the statute has some conceptual problems. For example, under the statute a structure is defined as a "place with sides and floor, separately securable from any other structure attached to it and used . . . for storage." Let us assume that a residential home has a basement which is used by the resident for storage; and that it has two doors, one to the outside of the house and one to the inside of the house, both of which can be locked. Under the statute, this basement would qualify as a "structure" as it has "sides and a floor", is "separately securable" and is "attached" to the rest of the structure. Since it is used for storage, does a burglar who breaks into the basement of the residential home commit a burglary of a non-residential structure? Likewise, does a burglar who enters a residential home and breaks into two locked bedrooms (structures used for lodging) commit three burglaries of a residential structure?

We think not. Rather, based upon the previously discussed rationale for the difference in the severity of the punishment

for burglary, we are of the opinion that the word "residence" as used in the statute embraces two concepts: (1) the word is in contradiction to a general commercial use or a use unassociated with a home, *see Hunt v. Held,* 90 Ohio St. 280, 107 N.E. 765 (1914); and (2) the word "residence" includes everything connected with the residential structure to make it more suitable, comfortable or enjoyable for human occupancy. *See Linn v. Ziegler,* 68 Kan. 528, 75 P. 489 (1904).

█ Thus, to determine the character of the building involved, the first inquiry is whether the building is used for a commercial purpose or as a residence. If the answer is residence, then the fact finder must merely inquire whether the particular area entered is one that makes the building more suitable, comfortable or enjoyable for human occupancy. If this answer is also yes, then the inquiries cease as the definition of residence subsumes any other "lesser included structures" and the burglary is of a residential structure.

If, however, the result of the initial inquiry is that the character of the building is commercial, then further inquiry must be made to determine the character of the use of the structure actually entered. This is because under the provisions of the statute a structure within a commercial building may be a structure used for lodging and thus be subject to a burglary of a "residential structure". ("Structure means any place with sides and a floor *separately securable from any other structure attached to it."* A.R.S. § 13–1501(8); ("residential structure means any *structure* adapted for "lodging".) A.R.S. § 13–1501(7).

█ Applying this analysis to the facts of this case, our first inquiry as to the character of the building entered is that the Ramada Inn is used for commercial purposes, and thus it is presumptively a "non-residential structure". As to our second inquiry regarding the character of the "structure" actually entered by the defendant, we find that it is a laundry room, not used for lodging or residence. Thus, by statutory definition, this lesser included structure is likewise a non-residential structure. It follows from this analysis that the defendant was properly charged and convicted.

In summary, and in general, the entry into a lesser included structure of a residence is always a burglary of a residential structure, while the entry into a lesser included structure of a commercial building may or may not be a burglary of a residential structure, depending upon the character of the use of the lesser included structure. In our opinion, this construction comports with the legislative intent of allowing a burglary of an individual guest room of a commercial motel or hotel to be charged as burglary of a residential structure (the expectation of confrontation being heightened) while allowing the burglary of a gift shop in the lobby of that same hotel to be charged as burglary of a non-residential structure (the expectation of confrontation being lessened).

The judgment of conviction and sentence are affirmed.

HAIRE and GREER, JJ., concur.