■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MELENDEZ, Appellant.—Judgment unanimously affirmed. Memorandum: The court's refusal to strike the answer given by the prosecution's witness to a leading question was harmless error. The proof of defendant's guilt of burglary and larceny was overwhelming and there is no significant probability that the verdict would have been different if the answer had been stricken (see, People v Crimmins, 36 NY2d 230, 242).

The court correctly refused to charge burglary in the third degree and criminal trespass in the second and third degrees as lesser included offenses of burglary in the second degree. There was no reasonable view of the evidence by which the

jury could have found that defendant unlawfully entered the apartment, but did not intend to commit a crime therein, nor was there any reasonable view of the evidence by which the jury could have found that the apartment defendant unlawfully entered was not a dwelling. A dwelling does not lose its character as such merely because its occupant is temporarily absent *(People v Sheirod,* 124 AD2d 14, *lv denied* 70 NY2d 656).

Also lacking merit are defendant's other objections to the court's charge. (Appeal from judgment of Wayne County Court, Parenti, J.—burglary, second degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.