854 P.2d 1222

**STATE of Arizona, Appellee,**

v.

**Michael Sean BROWNING, Appellant.**

**No. 1 CA–CR 91–1655.**

Court of Appeals of Arizona,
Division 1, Department A.

June 22, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Dawn M. Northup, Asst. Atty. Gen., Phoenix, for appellee.

Wendy F. White and Sandra Jenney, Flagstaff, for appellant.

### OPINION

KLEINSCHMIDT, Judge.

The defendant, Michael Sean Browning, originally pled guilty to attempted theft and was placed on probation. Later, a petition to revoke probation was filed, alleging that he had, among other things, committed an aggravated assault. The assault was charged as aggravated because it allegedly occurred in a private home.[1]

The victim of the assault testified at the revocation hearing that, as the result of a traffic altercation, the defendant and another man followed the victim home and attacked him in his garage. The garage was attached to the house, and there was a door between the garage and the living quarters. The court found that the defendant had violated his probation by, among other things, committing an aggravated assault.

The defendant argues that he did not commit an aggravated assault because the assault occurred in a garage, not in a private home. While it seems probable that the defendant's probation would have been

---

1. Arizona Revised Statutes Annotated ("A.R.S.") § 13–1204(A)(3) (1989) provides:

   A. A person commits aggravated assault if such person commits assault as defined in § 13–1203 under any of the following circumstances:

   . . . .

   3. If such person commits the assault after entering the private home of another with the intent to commit the assault.

revoked even if the assault was not aggravated, we will address the issue. There is no Arizona case directly on point.

One reason that an assault is deemed to be more serious if it occurs in a private home is because a private home is a place of family repose, and the law attaches special importance to the maintenance of the peace and quiet of the home. *Stewart v. Commonwealth,* 793 S.W.2d 859 (Ky.App. 1990) (construing a burglary statute); *see also Korzep v. Superior Ct.,* 172 Ariz. 534, 838 P.2d 1295 (App.1991) (commenting, in a discussion of the law of justification, on the policy enunciated in A.R.S. § 13–411(C), a statute which stresses the sanctity of the home). In our opinion, an attached garage with a connecting door to the living quarters of a private home is such an integral part of the family sanctuary that it qualifies for the protection of the aggravated assault statute.

Our conclusion is supported by *State v. Gardella,* 156 Ariz. 340, 751 P.2d 1000 (App.1988), which construes the term "residential structure" as that term is used in burglary statutes.[2] Burglary, like assault, is punished more severely if a residential structure is involved. A.R.S. §§ 13–1506, 13–1507, and 13–1508. In *Gardella,* we said that if a building is used as a residence "then the fact finder must merely inquire whether the particular area entered is one that makes the building more suitable, comfortable or enjoyable for human occupancy." 156 Ariz. at 342, 751 P.2d at 1002. If it does, the area is part of the residence. *Id.* Applying this test, we see no reason why a garage would not be part of a "private home."

Cases from other jurisdictions have held that garages attached to houses are part of the dwelling house within the meaning of various burglary statutes. *People v. Jiminez,* 651 P.2d 395 (Colo.1982); *Gaunt v. State,* 457 N.E.2d 211 (Ind.1983); *State v.*

*Lara,* 92 N.M. 274, 587 P.2d 52 (1978). Indications in the case law to the contrary are either dicta, *State v. Cox,* 826 P.2d 656 (Utah App.1992), or were decided under a statute substantially more restrictive than our own. *People v. Thomas,* 137 Ill.2d 500, 148 Ill.Dec. 751, 561 N.E.2d 57 (1990).

The defendant also raises issues of alleged ineffective assistance of counsel and the denial of an evidentiary hearing on a petition for post-conviction relief. These were decided against the defendant by this court when it reviewed the denial of the defendant's petition for post-conviction relief. *State v. Browning,* 1 CA–CR 91–1160–PR, Memorandum Decision (Ariz.App. Sept. 29, 1992).

Pursuant to A.R.S. section 13–4035, we have reviewed the record for fundamental error, and have found none. The conviction and sentence are affirmed.

EHRLICH, P.J., and CONTRERAS, J., concur.

---

2. *Gardella* articulates another rationale for why burglary of a residence is more serious than burglary of another structure. It notes that because burglars presumably operate at times when they believe they will not be discovered, the chance for a dangerous confrontation is enhanced when a house, as opposed to other types of structures which are not generally occupied day and night, is burgled. This reason

for aggravating the assault does not, of course, apply in this case where the defendant entered the garage with the express purpose of assaulting the victim. *Gardella,* however, does not purport to articulate the sole rationale for enhancing the severity of the crime when it involves the entry of a residence, and in our opinion, the sanctity of the home is an equally important consideration in this regard.