IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,
*Appellee*,

*v.*

JOANN BON,
*Appellant*.

No. 2 CA-CR 2014-0054
Filed November 28, 2014

Appeal from the Superior Court in Pima County
No. CR20123968001
The Honorable Scott Rash, Judge

**AFFIRMED**

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Alan L. Amann, Assistant Attorney General, Tucson
*Counsel for Appellee*

Lori J. Lefferts, Pima County Public Defender
By Lisa M. Hise and Travis K. Ausland, Assistant Public Defenders,
Tucson
*Counsel for Appellant*

**OPINION**

Judge Vásquez authored the opinion of the Court, in which Presiding Judge Kelly and Judge Howard concurred.

V Á S Q U E Z, Judge:

¶1        After a jury trial, Joann Bon was convicted of third-degree burglary, theft of property having a value of $1,000 or more but less than $2,000, and possession of drug paraphernalia.  The trial court sentenced her to concurrent prison terms, the longest of which was three years, followed by a three-year term of probation.  In this appeal, we are asked to determine whether the act of removing property from the open bed of a pickup truck constitutes entry of a structure under our burglary statutes.  For the reasons that follow, we conclude it does and therefore affirm.

**Factual and Procedural Background**

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to upholding the verdicts." *State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999).  In October 2012, two men working for a satellite television company drove to an apartment complex to install a satellite dish.  They left their pickup truck in the parking lot and walked to the customer's building for an initial inspection of the site.  When they returned, the men found Bon standing on the far side of the truck, reaching into its bed.  As they approached, the men saw Bon holding a tool belt in her hand.  They later discovered she had removed their "tools, hammer drill, impact gun, satellite meter, charger, [and] batteries" from the bed of the truck.  The men detained Bon and called 9-1-1.  Responding police officers found two crack pipes and a hypodermic needle in Bon's possession during a search following her arrest.

¶3        A grand jury indicted Bon for third-degree burglary, theft of property or services with a value of $2,000 or more but less than $3,000, and possession of drug paraphernalia.  At the close of evidence at trial, Bon moved for a judgment of acquittal on the

burglary charge pursuant to Rule 20(a), Ariz. R. Crim. P., arguing that the truck bed did not meet the statutory definition of a structure and that her actions did not amount to entry of a structure. The trial court denied the motion and later instructed the jury that "a vehicle includes the bed of a pickup truck, and a vehicle is a structure."

**¶4** The jury found Bon guilty on all counts but determined that the tools and equipment had a value of $1,000 or more but less than $2,000. The trial court sentenced her as described above, and this appeal followed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## Burglary

**¶5** Bon argues "the trial court erred in ruling that the unsecured, open-air bed of a pickup truck is a structure" within the meaning of A.R.S. §§ 13-1501(12) and 13-1506. She also suggests that the act of reaching into a truck bed does not constitute an "entry" of a structure as defined by § 13-1501(3). We review the denial of a Rule 20 motion, as well as issues of statutory interpretation, de novo. *See State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011); *State v. Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d 1241, 1243 (2003).

**¶6** "Our primary purpose in interpreting a statute is to give effect to the legislature's intent." *State v. Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d 621, 623 (App. 2010). "'We look first to the statute's language because we expect it to be the best and most reliable index of a statute's meaning.'" *Id.*, *quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). And, "[i]f statutory terms are defined, we apply that definition; otherwise, we interpret statutory terms 'in accordance with their commonly accepted meanings.'" *State v. Petrak*, 198 Ariz. 260, ¶ 10, 8 P.3d 1174, 1178 (App. 2000), *quoting State v. Reynolds*, 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). "[T]here is no need to resort to other methods of statutory interpretation to determine the legislature's intent" if the statute's language is unambiguous. *Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d at 1243.

**¶7** A person commits third-degree burglary by "[e]ntering or remaining unlawfully in or on a nonresidential structure . . . with

the intent to commit any theft or any felony therein." § 13-1506(A)(1). Our legislature has provided several definitions to guide our interpretation of § 13-1506. *See Petrak*, 198 Ariz. 260, ¶ 10, 8 P.3d at 1178. "Entry" is "the intrusion of . . . any part of a person's body inside the external boundaries of a structure." § 13-1501(3). A "structure" can include "any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is used for lodging, business, transportation, recreation or storage." § 13-1501(12). And, a "vehicle" is "a device in, upon or by which any person or property is . . . transported or drawn upon a highway." A.R.S. § 13-105(41).

¶8 When discussing burglary of a truck in *State v. Zinsmeyer*, this court suggested a truck's cabin was included in the statutory definition of "vehicle," concluding "a truck is plainly a vehicle" and "the legislature must have intended third-degree burglary to include burglary of a truck." 222 Ariz. 612, ¶ 29, 218 P.3d 1069, 1081 (App. 2009), *overruled on other grounds by State v. Bonfiglio*, 231 Ariz. 371, ¶¶ 6, 15, 295 P.3d 948, 950-51 (2013). The facts of this case do not lead us to a different result. Under the statute's plain language, the bed of the truck — upon which "property is . . . transported or drawn," § 13-105(41) — is a part of the vehicle and is therefore a part of that structure, *see* § 13-1501(12). And, the act of reaching into a truck bed amounts to an intrusion beyond the external boundaries of that structure. *See* § 13-1501(3); *Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d at 1243.

¶9 Bon nevertheless argues burglary must be limited to spaces that are securable, such as the cabin of a truck. We disagree. This court recently parsed the language of § 13-1501(12) in *State v. Gill*:

> [A] "structure" for these purposes must satisfy three requirements: the structure must be (1) "any vending machine or any building, object, vehicle, railroad car or place with sides and a floor" that is (2) "separately securable from any other structure attached to it" and (3) "used for

> lodging, business, transportation, recreation or storage."

235 Ariz. 418, ¶ 5, 333 P.3d 36, 37 (App. 2014). We explained that the second element represents "words of limitation on the scope of those options described in the first requirement." *Id.* ¶ 8.

**¶10** As it relates to a vehicle, the second requirement applies only to other structures that may be attached to the vehicle. In this case, however, the truck bed was not an independent structure, but a part of the vehicle itself. *See* § 13-1501(12). Consequently, it is immaterial whether the bed was separately securable. And, in any event, Bon's argument essentially asks us to apply only the initial portion of this limitation: "separately securable." But we must read the words of the second requirement as a whole. *See Gill*, 235 Ariz. 418, ¶ 6, 333 P.3d at 37-38 ("last antecedent rule" requires qualifying phrase to be "applied to the word or phrase immediately preceding it"). Thus, § 13-1501(12) does not require that all parts of a single structure be "securable." Rather, the second requirement applies to two "separately securable" structures that are attached. *See State v. Gardella*, 156 Ariz. 340, 341-42, 751 P.2d 1000, 1001-02 (App. 1988) (resolving "conceptual problems" created by this distinction). In other contexts, this requirement has helped distinguish between residential and commercial structures found within or attached to another structure. *Id.* (laundry room within hotel); *see also State v. Ekmanis*, 183 Ariz. 180, 182-83, 901 P.2d 1210, 1212-13 (App. 1995) (storage room attached to residence).

**¶11** Bon also argues a truck bed cannot be burglarized because § 13-1501(12) does not expressly list the "parts of the vehicle as prohibited space." She relies on a decision by the New Mexico Supreme Court rejecting a lower court's application of the plain meaning of "vehicle" in the context of a truck bed burglary.[1] *State v.*

---

[1]New Mexico's burglary statute states: "Burglary consists of the unauthorized entry of any vehicle . . . or other structure, movable or immovable, with the intent to commit any felony or theft therein." N.M. Stat. § 30-16-3.

*Office of Public Defender ex rel. Muqqddin*, 285 P.3d 622, ¶¶ 37-38 (N.M. 2012). The court reasoned:

> By giving the term "vehicle" its plain meaning, the meaning of the statute as a whole [becomes] far from customary. For example, if an ordinary person were told to "enter" a pickup, he or she would find a seat in the passenger compartment, not lay down in the bed of the pickup.

*Id.* ¶ 38. The court also noted that, unlike New Mexico, other jurisdictions explicitly include "'any part of a vehicle,'" *id.* ¶ 37, *quoting* Tex. Penal Code Ann. § 30.04 (Vernon 2007), or "'any part thereof,'" *id.* ¶ 37, *quoting* 720 Ill. Comp. Stat. 5/19-1 (2010), in their burglary statutes. And, the court explained that, without similar language to clarify the New Mexico legislature's intent, the court would not resort to the "'beguiling simplicity'" of a plain-language interpretation. *Id.* ¶ 38, *quoting State ex rel. Helman v. Gallegos*, 871 P.2d 1352, ¶ 23 (N.M. 1994).

**¶12** Bon's reliance on *Muqqddin* is unavailing. First, as the state points out, unlike other jurisdictions, our legislature has provided a statutory definition of "entry." *See* § 13-1501(3). And, entry is not limited to those spaces a person might occupy. *See Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d at 623. Moreover, we disagree that the plain meaning of this definition would lead to absurd results such that we must disregard it. *See State v. Wagstaff*, 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990) (plain language applies "unless impossible or absurd consequences would result"). Second, we can glean no legislative intent from the absence of a list of vehicle parts in the definition of structure. *See* § 13-1501(12). Here, § 13-1501(12) simply states "vehicle" without distinguishing any of its constituent parts. Thus, we are bound to apply the plain meaning of "vehicle" without resorting to other methods of statutory construction. *See Christian*, 205 Ariz. 64, ¶ 6, 66 P.3d at 1243; *Petrak*, 198 Ariz. 260, ¶ 10, 8 P.3d at 1178.

**¶13** Lastly, Bon suggests her actions did not result in an "entry" of the structure. She notes that the phrase "external

boundaries" lacks a definition and argues the rule of lenity requires that we resolve that ambiguity in her favor. The rule of lenity, however, is a construction principle of last resort. *See State v. Sanchez*, 209 Ariz. 66, ¶ 6, 97 P.3d 891, 893 (App. 2004). We only resolve ambiguity in favor of a defendant if the statutory language is unclear and other forms of statutory construction have failed to reveal the legislature's intent. *See State v. Fell*, 203 Ariz. 186, ¶ 10, 52 P.3d 218, 221 (App. 2002).

**¶14** Moreover, we disagree that the phrase "external boundaries" is ambiguous under the facts of this case. [2] A "boundary" in this context marks the distinct periphery of a structure specified in § 13-1506(A). *See Webster's Third New Int'l Dictionary* 260 (1971) (defining boundary as "something that indicates or fixes a limit or extent: something that marks a bound (as of a territory or a playing field): a bounding or separating line"). Although the term is most often used in the context of real property, it also applies here. The sides of the truck bed indicate the external boundary of that part of the vehicle. And, reaching into the truck bed amounts to an entry. *See* § 13-1501(3); *Hinden*, 224 Ariz. 508, ¶ 9, 233 P.3d at 623.

---

[2]Bon also cites *State v. Hamblin*, 217 Ariz. 481, ¶ 14, 176 P.3d 49, 53 (App. 2008), to argue that the statutory language is ambiguous. The portion of that case on which she relies interprets § 13-1506(A)(2), which concerns burglary of a vehicle using a manipulation or master key. *Hamblin*, 217 Ariz. 481, ¶ 14, 176 P.3d at 53. We stated that under that subsection, "jurors would not have to decide if the truck or storage area of a motor vehicle fell within the definition of 'structure,'" because the subsection expressly includes "'any part of a motor vehicle.'" *Id.*, *quoting* § 13-1506(A)(2).

As Bon acknowledges, however, "the addition of . . . § 13-1506(A)(2) neither expands or limits subsection (A)(1)." And, because the present issue was not before the court in *Hamblin*, the reference to subsection (A)(1) was dictum. *See State v. Altamirano*, 166 Ariz. 432, 435, 803 P.2d 425, 428 (App. 1990).

¶15        In sum, the truck in this case, including its bed, is a structure pursuant to § 13-1501(12). The evidence established that Bon reached inside the truck bed to remove tools and other equipment from the vehicle. *See* §§ 13-1501(3), 13-1506(A)(1). Therefore, the trial court did not err in denying Bon's motion for a judgment of acquittal on the charge of burglary. *See West*, 226 Ariz. 559, ¶ 15, 250 P.3d at 1191.

## Disposition

¶16        For the foregoing reasons, we affirm Bon's convictions and sentences.