NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER ROBIN RYAN, *Appellant.*

No. 1 CA-CR 14-0318
FILED 10-6-2015

Appeal from the Superior Court in Maricopa County
No.  CR 2012-009543-001
The Honorable William L. Brotherton, Jr., Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn, Tara R. DeGeorge
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

D O W N I E, Judge:

¶1          Christopher Robin Ryan appeals his conviction for burglary in the third degree. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          Phoenix police officers responded to a call about the theft of a clothes dryer from an apartment complex. The dryer was taken from a laundry nook — a small recess in the side of one of the apartment buildings — just large enough to hold the dryer, a washer, and a water heater. Although the nook had doors at some point in the past, none were present on the day in question.

¶3          Ryan was indicted for burglary in the third degree.[1] At trial, Officer Ho testified that he met with K.N., the apartment complex owner, and then located the dryer in a grocery cart about a block away, with Ryan sleeping nearby. After Officer Ho awakened Ryan to ask how he acquired the dryer, Ryan motioned to K.N. and replied, "[I] got it from this guy, Tylaw. That's Tylaw right there." K.N. testified "Tylaw" is not his name, nor the name of anyone he knows. Later, at the police station, Ryan stated that maintenance men named Steve and Robert gave him permission to take the dryer. K.N., however, testified he performed all maintenance at the complex and had not hired anyone, let alone someone named Steve or Robert.

¶4          Ryan made a motion for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20 at the conclusion of the State's case-in-chief. He argued the State had failed to establish that the laundry nook was a structure under the relevant statute because it was not "separately securable." The trial court denied the motion.

---

[1]     The indictment also charged Ryan, in the alternative, with burglary in the second degree, but the State chose not to pursue that charge.

**¶5**       The jury found Ryan guilty of burglary in the third degree in violation of Arizona Revised Statutes ("A.R.S.") section 13-1506.  The jury also found that Ryan was on probation at the time of the offense for possession of drug paraphernalia.  In addition to the conviction for possession of drug paraphernalia, at sentencing, the court determined Ryan was previously convicted of attempted theft of a credit card or obtaining a credit card by fraudulent means and sentenced him to the presumptive term of ten years' imprisonment.

**¶6**       Ryan timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7**       As charged here, the State was required to prove that Ryan unlawfully entered a nonresidential structure with the intent to commit any theft or felony therein.  *See* A.R.S. § 13-1506(A)(1).   Ryan's sole contention on appeal is that the State did not prove he entered a "nonresidential structure."  On that basis, he challenges the denial of his Rule 20 motion and contends insufficient evidence supports the burglary conviction.

**¶8**       "In reviewing the denial of a motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20, we view the evidence in the light most favorable to sustaining the verdict and reverse only if no substantial evidence supports the conviction."  *State v. Pena*, 209 Ariz. 503, 505, ¶ 7 (App. 2005).  Similarly, in reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *State v. Montano*, 204 Ariz. 413, 423, ¶ 43 (2003).  If no facts are in dispute, whether an object or location qualifies as a "structure" under the burglary statute is a question of law for the court.  *See State v. Mann*, 129 Ariz. 24, 26 (App. 1981).  We review the trial court's ruling on that question *de novo. See State v. Gill*, 235 Ariz. 418, 419, ¶ 4 (App. 2014).

**¶9**       A nonresidential structure is defined as "any structure other than a residential structure and includes a retail establishment."  A.R.S. § 13-1501(10).  "Structure," in turn, is defined as:

> [A]ny vending machine or any building, object, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is

used for lodging, business, transportation, recreation or storage.

A.R.S. § 13-1501(12).

¶10    At trial, the court and counsel focused on whether the laundry nook was a "separately securable" structure. However, "the trial court's judgment will be affirmed when the correct legal theory is reached even though it was based upon the wrong reasons." *State v. Sardo,* 112 Ariz. 509, 515 (1975). Although we disagree with the trial court's reasoning, we agree with its ultimate conclusion that the State offered sufficient evidence that the laundry nook fell within the statutory definition of a structure.

¶11    As the State asserts on appeal, the trial evidence established that the laundry nook was part of a "single, unified building" and not a separate structure that would trigger the "separately securable" analysis. This Court has interpreted "separately securable from any other structure attached to it," A.R.S. § 13-1501(12), to mean that the "separately securable" requirement applies only in relation to *other* attached structures. *See State v. Bon*, 236 Ariz. 249, 252, ¶¶ 9–10 (App. 2014) ("As it relates to a vehicle, the second requirement applies only to other structures that may be attached to the vehicle."). In other words, A.R.S. § 13-1501(12) "does not require that all parts of a single structure be 'securable.' Rather, the second requirement applies to two 'separately securable' structures that are attached." *Id.* at 252, ¶ 10. In *Bon*, we held that burglary is not limited to spaces that are securable and that reaching into the bed of a pickup truck constituted burglary because the truck bed "was not an independent structure, but a part of the vehicle itself. . . . Consequently, it is immaterial whether the bed was separately securable." *Id.* at 252–53, ¶¶ 9–10, 14–15.[2]

¶12    Here, the uncontroverted trial evidence — both photographic and testimonial — established that the apartment building at issue had external boundaries created by its walls, roof, and floor.[3] The laundry nook was imbedded *into* the block wall of that structure, sharing its walls and roof. Indeed, defense counsel argued below that the alcove

---

[2]    The Arizona Supreme Court declined review in *Bon.*

[3]    The apartment complex consisted of three different single-story buildings with a total of 12 units. The laundry alcove was located in the middle building.

"is just an inset on the side of the building" and later described it as "an inset about three feet deep on the outside wall." Under these circumstances, the State was not required to prove that the laundry nook was a "separately securable" structure. *See State v. Ekmanis*, 183 Ariz. 180, 183 (App. 1995) ("[J]ust as an attached garage or basement is a lesser included structure of a residential structure, so is the storage room in this case."); *State v. Browning*, 175 Ariz. 236, 237 (App. 1993) (garage was not an independent structure because it was part of the home); *State v. Gardella*, 156 Ariz. 340, 342 (App. 1988) (hotel laundry room was lesser included structure of hotel building).

**CONCLUSION**

¶13 The State presented sufficient evidence that Ryan unlawfully entered a nonresidential structure with the intent to commit any theft or felony therein. We therefore affirm his burglary conviction and sentence.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama