THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD JOHNSON, Defendant-Appellant.

First District (3rd Division)   No. 82—2533

Opinion filed December 12, 1984.

James J. Doherty, Public Defender, of Chicago (Thomas J. Herres and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Garritt E. Howard, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial the defendant, Edward Johnson, was convicted of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), and sentenced to a term of eight years. He appeals contending that his conviction for burglary should be reversed because burglary is not a lesser included offense of residential burglary, the offense with which he was charged.

On March 23, 1982, the defendant was arrested and charged with residential burglary. At trial, police officer Melvin Powell testified that on that date he responded to a call of a burglary in progress at 300 North Lotus Street in Chicago. As he exited his squad car, he saw the defendant in front of the building pushing a shopping cart which contained a radio, stereo recorder, some handsaws, miscellane-

ous tools, speakers and numerous records. He asked the defendant who owned the property, and defendant replied that he did. He then asked defendant where he got it, and defendant pointed to the building. The officer then had a conversation with someone else, and thereafter placed defendant under arrest. A search of defendant revealed a screwdriver and some other tools on his person.

The officer then went to the rear of the building, where he noticed that a service door on the first floor had been pried open and the scratches appeared to have been freshly made. He also observed that most of the windows and doors in the three-story building were boarded or broken; however, he noted that the first-floor apartment windows and doors had burglar bars in the rear and that there was some furniture in the apartment. He learned that the owner of the apartment was Freddy Taylor, who came to the station and identified the property in the cart as his. At the station, the defendant admitted that he took the property because he thought the building was abandoned and did not think anybody wanted the items.

Freddy Taylor testified that he had lived in the building for over three years, and that several people lived on the floor above him. On the date of the incident, he left his apartment at 8 a.m. and the doors and windows were all secure. When he went to the station pursuant to a call, he identified the property as his own. When he got to his apartment, it had been ransacked and the service door in the kitchen had been torn out. He testified that the building was going to be remodeled and the doors on the back of the building were boarded up. He further testified that a neighbor across the street watched his apartment, and that he had not given the defendant permission to enter it.

The trial court found the defendant guilty of burglary, stating there was no proof beyond a reasonable doubt that defendant had a basis for knowledge that he was entering the dwelling place of another.

Defendant contends that his conviction of burglary should be reversed because he was charged with residential burglary, and burglary is not a lesser included offense of the separate and distinct offense of residential burglary. He maintains that the two offenses were meant to be mutually exclusive because the words of the statute exclude the smaller class of offenses called "residential burglary" from the greater class of offenses called "burglaries," and points out that before the enactment of the residential burglary statute, that particular offense was included within the burglary statute.

Residential burglary requires a knowing and unauthorized

entry into a dwelling of another with the intent to commit a felony or theft therein, and it is a Class 1 felony. (Ill. Rev. Stat. 1981, ch. 38, par. 19—3.) Burglary consists of the knowing and unauthorized entry or remaining within a building with intent to commit therein a felony or theft, and it is a Class 2 felony. (Ill. Rev. Stat. 1981, ch. 38, par. 19—1.) The crime of burglary is complete upon the breaking and entering with intent to steal. (*People v. Figgers* (1962), 23 Ill. 2d 516, 179 N.E.2d 626.) For a crime to be a lesser offense and included within another, the greater offense must include every element of the lesser offense plus one or more other elements (*People v. Jones* (1979), 75 Ill. App. 3d 214, 229, 393 N.E.2d 1132), so that one cannot commit the offense charged without committing the lesser offense. *People v. Stroner* (1983), 96 Ill. 2d 204, 209, 449 N.E.2d 1326.

■ Considering the definitions of the offenses, one cannot commit the offense of residential burglary without committing the offense of burglary. It is therefore apparent that burglary is a lesser included offense of residential burglary. Further, the statutory provision that burglary shall not include "the offense of residential burglary" (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), does not preclude burglary from being a lesser included offense of the greater crime of residential burglary. Rather, such language seems to indicate no more than an admonition that when a dwelling unit is involved, the appropriate charge is residential burglary.

The record shows the trial court specifically noted that the two offenses differ in that residential burglary requires more specific intent with regard to the nature of the premises intruded upon than does the offense of burglary, which extends to any "building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, ***." We conclude that the evidence warranted the finding by the trial court that defendant was guilty of burglary.

For the reasons given, we affirm the judgment of the circuit court of Cook County, and as part of that judgment we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.