THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH M. BONNER et al., Defendants-Appellants.

First District (2nd Division)   Nos. 1—88—2805, 1—88—2831 cons.

Opinion filed November 5, 1991.

Michael J. Pelletier and Ann C. McCallister, both of State Appellate Defender's Office, of Chicago, for appellants.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McCORMICK delivered the opinion of the court:

Defendants, Keith Bonner and Randy Ales, were convicted in a jury trial of residential burglary. Ales was sentenced to eight years in prison while Bonner received a four-year sentence. In this consolidated appeal, defendants argue that their convictions must be reversed because the State failed to prove that the house they entered was a dwelling for purposes of the residential burglary statute. Defendants also contend that the assistant State's Attorney improperly commented upon their failure to testify at trial.

Defendants were charged with residential burglary in connection with a break-in at a house located at 3353 West 194th Street in Homewood, Illinois. At trial, Marilyn Eason testified that the house was owned by her parents, Russell and Helen Seligman, and that prior to 1981 her parents lived in the house from May through October of each year, spending the winter months in California. In February 1981, Russell Seligman died while in California. Shortly thereafter, Helen Seligman underwent surgery and because of poor health was unable to return to Illinois. Eason testified that the house remained vacant after October 1980 and that the Pokrackis, her parents' neighbors in Homewood, looked after the property.

Carol Pokracki, the Seligmans' next-door neighbor, testified that on the morning of January 11, 1988, while looking out of her front window, she saw a black pick-up truck stop in front of the Seligmans' house. According to Pokracki, there were two men in the truck. One of the two men got out of the truck and ran between the houses, where he attempted to open a trailer owned by the Seligmans. Pokracki testified that at this point she telephoned the police.

Mark Gulatta, a Cook County sheriff's police officer, testified that on the morning of January 11 he received a call of a burglary in progress and proceeded to the Seligmans' residence. As he approached the house, he observed a black pick-up truck with an individual inside crouched down behind the steering wheel. Gulatta instructed another police officer to go to the truck while he continued on to the Seligmans' house. When Gulatta arrived at the house, he noticed that the rear door was broken. Gulatta entered the house and after searching the first floor entered the attic, where he found defendant Ales.

Officer James Hundley of the Flossmoor police department testified that he also responded to the burglary-in-progress call. When he arrived in the area, he observed the pick-up truck on 194th Street. Hundley testified that he approached the truck and observed defendant Bonner crouched in the front seat. Both Ales and Bonner were subsequently arrested.

Vickie Dallacosta, the mother of Randy Ales, was the only witness called by the defense. Dallacosta testified that sometime in January 1988 she had an argument with Ales and told him to leave their house. Dallacosta testified that she did not know where Ales went after she ordered him out of the house and that the next time she had any contact with him was when he called her to tell her he had been arrested.

The jury found both defendants guilty of residential burglary. This appeal followed.

In their appeal, defendants argue that they were not proven guilty of residential burglary beyond a reasonable doubt because the State failed to establish that the house they entered was a dwelling within the meaning of the residential burglary statute. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3(a).) Defendants point out that the Seligmans' house had been unoccupied for over seven years and that there was no evidence that anyone intended to reside there within a reasonable time. Therefore, they argue that they should not have been charged with residential burglary.

■ The State agrees that the Seligmans' house was not a dwelling within the meaning of the statute. Accordingly, the State requests this

court to reduce defendants' convictions from residential burglary to the lesser-included offense of burglary.

In response, defendants argue that their convictions should be reversed because burglary is not a lesser-included offense of residential burglary. The decisions of the appellate court do not support defendants' argument. See *People v. Wiley* (1988), 169 Ill. App. 3d 140, 523 N.E.2d 1344; *People v. Johnson* (1984), 129 Ill. App. 3d 399, 472 N.E.2d 854; *People v. Dawson* (1983), 116 Ill. App. 3d 672, 452 N.E.2d 385 (all holding that burglary is a lesser-included offense of residential burglary).

Accordingly, we reduce defendants' convictions for residential burglary to burglary, and we remand the cause for resentencing.

Defendants' only other argument on appeal concerns the effect of comments made by the assistant State's Attorney during closing arguments. Defendants argue that the assistant State's Attorney's comments focused the jury's attention on the fact that neither defendant testified.

During closing arguments, defendants' counsel claimed that defendants should not be found guilty of burglary because Ales had not removed anything from the Seligmans' house but had been staying there after being thrown out of his own home. In his rebuttal to defendants' closing arguments, the assistant State's Attorney stated:

"MR. SMITH [Assistant State's Attorney]: *** And there has been absolutely not one word of testimony, and the only thing you heard about spending time in this house is from the mouth of both Defense counsel, which is not evidence. You have not heard one word from this witness stand telling you that he stayed there. Nothing.

And his mother came in, Mrs. Dellacosta [*sic*] and says—

[Defense attorney]: Judge, we don't have to prove anything, and the Defendant does not have to testify.

THE COURT: The jury will be appropriately instructed.

[Defense attorney]: But he is misstating the law.

THE COURT: Counsel, proceed with due regard to the instructions that I reviewed with all of the attorneys before these closing arguments started.

MR. SMITH: Yes your honor.

Ladies and gentlemen, you are to consider the evidence. The presumption remains with the Defendant at all times.

As the Defendants' Counsel [*sic*], and you will read in the instructions, they do not have to get up here and testify. There is no comment on that whatsoever. They do not.

It is our burden and we welcome it, as [defense counsel] told you.

There is no evidence that he was [staying] there. That's the bottom line, and the evidence of him running in there in the morning on top of other things, and then if he's going to stay there, well, there is [*sic*] three beds in the house, why would this guy be up in the attic?"

Defendants argue that the assistant State's Attorney's comments focused the jury's attention on the fact that neither defendant testified. Defendants contend that, therefore, their convictions must be reversed and the cause remanded for a new trial. We do not find that the comments in question constitute reversible error. See *People v. Dixon* (1982), 91 Ill. 2d 346, 438 N.E.2d 180; *People v. Durso* (1968), 40 Ill. 2d 242, 239 N.E.2d 842.

In *Dixon*, the supreme court stated that the appropriate test for determining whether a defendant's right to remain silent has been violated is whether the reference was intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify. The court added that it is permissible for a prosecutor to comment on the uncontradicted nature of the State's case where such comments are for the purpose of demonstrating the absence of any evidentiary basis for defense counsel's argument rather than for the purpose of calling attention to the fact that a defendant has not testified. *Dixon*, 91 Ill. 2d at 350-51.

Here, defendants' attorneys argued that defendants did not intend to commit residential burglary, that Ales knew the Seligmans' house was unoccupied, and that he entered the house for shelter after being thrown out by his mother. Although there was testimony from Dallacosta that she had ordered Ales from her home, she also testified that she had previously thrown him out of the house and that on those occasions he had gone to a friend's house.

Dallacosta never testified that Ales stayed at the Seligmans' house, nor did any other witness testify to seeing him there prior to the morning of his arrest. Thus, it was not error for the assistant State's Attorney to respond to counsel's arguments by pointing out that there was no evidentiary basis for them. See *Durso*, 40 Ill. 2d at 253 (holding that a failure to produce evidence on a material matter injected into the case by the defense gives rise to the right of comment by the prosecution).

In addition, it does not appear that the assistant State's Attorney's comments concerning the defendants' right not to testify constitute reversible error. *People v. Tate* (1970), 45 Ill. 2d 540, 259 N.E.2d 791; *People v. Sedlacko* (1978), 65 Ill. App. 3d 659, 382 N.E.2d 363.

In *Tate*, during closing arguments, the prosecutor stated:

"[T]his in no way means, nor does it put any burden on the defendant to himself to testify. This is not what we contend. He has his right not to testify and this can in no way be used against him, and we do not ask that." (*Tate*, 45 Ill. 2d at 545.)

The supreme court stated that the prosecutor had made clear that no unfavorable inference was to be drawn from the fact that the defendant had not testified in his own behalf and that the comments did not amount to reversible error.

Similarly, in *Sedlacko*, this court found no reversible error in comments by the prosecutor during closing arguments:

"[T]he defendant, as I believe the instructions will show, has a right to remain silent. As the instructions will show, absolutely nothing can be inferred by this. The State doesn't mean to imply that it does. The defendant has remained silent and there it stands. That's not the point." (*Sedlacko*, 65 Ill. App. 3d at 666.)

This court affirmed the conviction in *Sedlacko*, finding that the comments were harmless beyond a reasonable doubt. *Sedlacko*, 65 Ill. App. 3d at 667.

■ In the present case, the comments made by the assistant State's Attorney were substantially the same as those found to be harmless in *Tate* and *Sedlacko*. Moreover, the record shows that the comments in question were made in response to comments made by defense counsel in objecting to the assistant State's Attorney's argument that there was no evidence that Ales was staying at the Seligmans' house.

A defendant cannot claim that remarks upon his failure to testify are in error where the remarks are in response to and are invited by similar remarks by defense counsel. (*Dixon*, 91 Ill. 2d at 350-51; *People v. Bunch* (1987), 159 Ill. App. 3d 494, 512 N.E.2d 748.) Where, as here, a jury has been properly instructed on a defendant's right not to testify, a prosecutor's invited remarks on that right do not deprive the defendant of a fair trial. (*Dixon*, 91 Ill. 2d at 351; *Tate*, 45 Ill. 2d at 544.) Thus, we find that there is no merit to defendants' argument that the comments in question constitute reversible error.

For the foregoing reasons, we reduce the defendants' convictions from residential burglary to burglary and we remand the cause for resentencing.

Affirmed in part; vacated in part and remanded.

SCARIANO, P.J., and HARTMAN, J., concur. .