911 P.2d 549

STATE of Arizona, Appellee,

v.

Edward Gregory BASS, III, Appellant.

No. 1 CA–CR 94–0632.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 10, 1995.

Review Denied Feb. 21, 1996.*

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and John Pressley Todd, Assistant Attorney General, Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

## OPINION

NOYES, Presiding Judge.

Edward G. Bass, III ("Appellant") appeals from convictions and sentences on charges arising from his burglary of an almost-completed log cabin home. In answer to the questions presented, we hold that burglary in the third degree (non-residential structure) is a lesser-included offense of burglary in the second degree (residential structure). We also hold that the evidence supported Appellant's conviction for trafficking in stolen property in the first degree and that he must be resentenced on all counts pursuant to laws that became effective January 1, 1994.

### Facts

The two victims were professional builders who were nearing completion of a custom log cabin home in Prescott. One Monday in February 1994, the victims went to the job site and discovered that over the weekend someone had burglarized the cabin and stolen power tools worth more than $1000. At the time of the burglary, the cabin shell was up, the roof was installed, and the windows were in, but the plumbing and electrical systems were not operative, and the doors had not been installed. The cabin had passed "rough-in final" inspection but had not received a certificate of occupancy.

The victims immediately suspected that the thief was Appellant, a friend and former co-worker who had recently been let go from this job because of excessive absenteeism. The victims went to Appellant's home to confront him. Appellant was not there, but his seventeen-year-old girlfriend was. The victims questioned her about the theft, then took her to the police station. Appellant later came to the station and made admissions to the victims, but not to the police. Appellant was charged with burglary in the second degree (residential structure), theft of property of a value of between $1000 and $2000, and trafficking in stolen property in the first degree.

At the jury trial, one of the victims testified that Appellant told him he stole the tools because he needed money, he thought the victims' losses would be covered by insurance, and he would try to recover the tools if criminal charges were dropped. A police officer testified that the girlfriend told him she "drove the car, her car, and she actually took some tools.... that [Appellant] was involved also ... [that] he was with her that night," and that their intent was "to steal some stuff ... to sell it." The juvenile testified that she did not remember what she told the officer, and she denied any involvement by her or Appellant in the crimes. Appellant testified that he did not steal the tools and that he had not made admissions to either victim. The jury found Appellant guilty as charged on all counts. At sentencing, the trial court rejected the probation officer's recommendation for mitigated sentences and instead imposed presumptive sentences because of Appellant's criminal history and the perjury he committed during his testimony.

### Burglary

Count 1 charged Appellant with burglary in the second degree (residential structure), a Class 3 felony in violation of Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–1507 (1989). At the close of the State's case, Appellant argued that the evidence clearly established that the cabin was not a residential structure because it was not yet adapted for human residence and lodging—it had no certificate of occupancy, no water, no electricity, and no doors. Appellant argued for an *acquittal* on the burglary count, reasoning that burglary in the third degree (non-residential structure) is *not* a lesser-included offense of burglary in the second degree (residential structure). The State argued that it was and that the nature of this structure was a jury question. The trial court concluded that burglary of a non-residential structure is a lesser-included offense of burglary of a residential structure, and that this case would go to the jury only on the charge of burglary in the third degree (non-residential structure) because reasonable minds could not differ re-

garding this cabin: it was clearly a non-residential structure when burglarized.

No reported Arizona case has decided whether burglary in the third degree (non-residential structure) is a lesser-included offense of burglary in the second degree (residential structure).[1] The lesser-included offense issue is squarely presented in this case and will be decided by answering the following question: "can the [greater] offense, as described by statute, or as charged, 'be committed without necessarily committing the lesser.'" *See State v. Gooch,* 139 Ariz. 365, 366–67, 678 P.2d 946, 947–48 (1984) (citations omitted).

■ We begin the analysis with the applicable statutory definitions, with our emphasis added to them:

"A person commits **burglary in the second degree** by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13–1507(A).

"A person commits **burglary in the third degree** by entering or remaining unlawfully in or on a non-residential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein." A.R.S. § 13–1506(A) (1989).

Violation of these statutes is a Class 3 felony and a Class 4 felony, respectively. *See* A.R.S. §§ 13–1507(B), 13–1506(B). The only difference between the statutes is that the greater says "residential structure" where the lesser says "non-residential structure or in a fenced commercial or residential yard."

" '**Structure**' means any building, object, vehicle, railroad car or place with sides and a floor, *separately securable from any other* structure attached to it and used for lodging, business, transportation, recreation or storage." A.R.S. § 13–1501(8) (Supp.1994). " '**Residential structure**' means any structure, movable or immovable, permanent or temporary, adapted for both human residence and lodging whether occupied or not." A.R.S. § 13–1501(7) (Supp.1994). " '**Nonresidential structure**' means any structure other than a residential structure." A.R.S. § 13–1501(6) (Supp.1994). This is a simple framework. If a burglarized structure is not residential, then by definition it is non-residential.

There is no necessarily-inclusive relationship between residential and non-residential *structures*—the two structures can be, and usually are, quite different from one another. But there is a necessarily-inclusive relationship between residential and non-residential *burglary*—the elements of the two crimes are exactly the same, except for the one extra element that distinguishes a residential structure from a non-residential structure and, thus, the greater offense from the lesser: proof that the structure is "adapted for both human residence and lodging." Because of the one-extra-element difference between the greater and lesser offense, we hold that when the nature of the structure is in question, burglary in the third degree (non-residential structure) is a lesser-included offense of burglary in the second degree (residential structure). To prove "residential structure" one must first prove "structure"; and if the proof stops there, one has necessarily proved that the structure was non-residential. It takes one more step to elevate the structure to residential status, and the burglary to the greater offense: proof that the structure is "adapted for both human residence and lodging." [2]

---

1. *State v. Engram,* 171 Ariz. 363, 831 P.2d 362 (App.1991), originally held that it was not, but in a supplemental opinion, *Engram* withdrew that holding because it had been based on a case that was later depublished. 171 Ariz. at 368, 831 P.2d at 367.

    *State v. Ekmanis,* 183 Ariz. 180, 901 P.2d 1210 (App.1995), discussed the issue but did not decide it because the evidence in that case supported only the conclusion that the burglarized structure was residential. *Id.* at 182–83, 901 P.2d at 1212–13.

2. The definitions in burglary statutes vary from state to state. We have found only one jurisdiction where the lesser-included offense issue has been addressed with burglary-statute definitions comparable to Arizona's. In Illinois, residential burglary involves the "dwelling of another," and the lesser offense of burglary involves a "building." Ill.Rev.Stat. ch. 38, para. 19–3 and 19–1 (1981). It is settled in Illinois that "[c]onsidering the definitions of the offenses, one cannot commit the offense of residential burglary without committing the offense of burglary. It is

There is a qualification on our holding: of the various ways in which one can commit burglary in the third degree, the only one that can qualify as a lesser-included offense of burglary in the second degree (residential structure) is burglary in the third degree (non-residential structure). A charge of burglary in the second degree (residential structure) cannot include, for example, a charge of burglary in the third degree (residential yard) because a yard is simply not a structure. Burglary of a structure is distinguished from burglary of a yard by different elements, not by one extra element.

■ A charge of burglary in the second degree (residential structure) provides fair notice that if the State proves all elements of the crime except that the structure in question was "adapted for both human residence and lodging," then the State necessarily proves all elements of the lesser-included offense of burglary in the third degree (non-residential structure). If there is a genuine factual question about whether the structure is residential, the jury should be instructed on both burglary in the second degree (residential structure) and burglary in the third degree (non-residential structure). If the State fails to offer substantial evidence that the structure was residential, then the jury should be instructed on only the lesser-included offense of burglary in the third degree (non-residential structure). That is what happened in this case.

When the State failed to present substantial evidence that the almost-completed cabin was a residential structure, the trial court correctly instructed the jury on only the lesser-included offense of burglary in the third degree (non-residential structure).

### Trafficking

■ At the close of the State's case, Appellant moved for a judgment of acquittal on the charge of trafficking in stolen property in the first degree. This offense is defined by A.R.S. section 13–2307(B) (1989) as follows: "A person who knowingly initiates, organizes, plans, finances, directs, manages or supervises the theft and trafficking in the property of another that has been stolen is guilty of trafficking in stolen property in the first degree." Appellant argued that the evidence was insufficient to prove the charge. The trial court found the evidence "slim" but denied the motion.

On appeal, the State argues that the evidence was insufficient to prove trafficking in the first degree, that it was sufficient to prove the lesser-included charge of trafficking in the second degree, and that the trial court may have committed fundamental error in failing to *sua sponte* instruct the jury on the elements of trafficking in the second degree. We appreciate the State's candor and objectivity, but we conclude that the evidence was sufficient to support the jury's verdict that Appellant and his teenage girlfriend stole tools with intentions of selling them, and that Appellant was the leader of this criminal venture. This evidence satisfies all elements of trafficking in the first degree.

■ There is no substantial evidence that Appellant actually sold the stolen tools, but there is substantial-enough evidence that Appellant met one statutory definition of "trafficking" in that the jury could have concluded that he did "possess or obtain control of stolen property, with intent to sell ... to another." *See* A.R.S. § 13–2301(B)(3) (Supp. 1994).[3] We will affirm a conviction if substantial evidence supports it. *See* Ariz. R.Crim.P. 20. Substantial evidence is that which "reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). We conclude that the evidence here meets that threshold, and we

therefore apparent that burglary is a lesser-included offense of residential burglary." *People v. Johnson*, 129 Ill.App.3d 399, 84 Ill.Dec. 717, 719, 472 N.E.2d 854, 856 (Ct.1984). *See also People v. Bonner*, 221 Ill.App.3d 887, 164 Ill.Dec. 502, 583 N.E.2d 56 (Ct.1991).

3. Trafficking is defined in A.R.S. section 13–2301(B)(3) as "to sell, transfer, distribute, dispense or otherwise dispose of stolen property to another person, or to buy, receive, possess or obtain control of stolen property, with intent to sell, transfer, distribute, dispense or otherwise dispose of to another person." The jury was instructed on this definition.

interpret the trial court's use of the word "slim" as meaning that the evidence was substantial enough to get to the jury, but it was a close question. We agree.

### Sentencing

■ Appellant argues, the State's appellate counsel agrees, and we agree that the trial court erred in sentencing Appellant under the pre–1994 version of the criminal code. A.R.S. section 13–604 (Supp.1994), which specifies the range of possible prison sentences for Appellant's crimes, was modified in July 1994 by amendments that were given an effective date of January 1, 1994. *See* 1993 Ariz.Sess.Laws, ch. 255, § 99 ("The provisions of this act apply only to persons who commit a felony offense after the effective date [January 1, 1994] of this act."). Because Appellant's crimes were committed in February 1994, his sentencing was governed by the 1994 amendments to section 13–604. The distinction is significant. Appellant received presumptive, concurrent prison terms (enhanced with one prior felony conviction) which, according to the pre–1994 code, were 6 years for burglary, 10.5 years for trafficking, and 3 years for theft. Effective January 1, 1994, the applicable presumptive sentences were less: 4.5, 9.25, and 2.25 years, respectively. *See* A.R.S. § 13–604(A), (B) (Supp.1994).

The convictions are affirmed, the sentences are vacated, and the matter is remanded for resentencing.

VOSS and THOMPSON, JJ., concur.