

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-10319 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:11-cr-08185-FJM-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| CHRISTOPHER ALAN CARLSON, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted July 9, 2013[**]
San Francisco, California

Before:    FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Christopher Alan Carlson appeals his conviction for endangering the person

or health of a child.  See 18 U.S.C. § 13; Ariz. Rev. Stat. § 13-3623(B)(3).  We

affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

(1)    Carlson first asserts that the evidence was insufficient to support the verdict. We disagree. "[V]iewing the evidence in the light most favorable to the prosecution,"[1] as we must, we hold that a "rational trier of fact"[2] could certainly have found beyond a reasonable doubt that Carlson did cause or permit a child in his care "to be placed in a situation where the person or health of the child" was endangered,[3] and that he did so with criminal negligence.[4] The presence of evidence that could have led to a different verdict does not affect our conclusion. See Nevils, 598 F.3d at 1164–65.

(2)    Carlson's second assertion is that there was a constructive amendment of the indictment[5] because he was charged with endangering a child "[u]nder

---

[1]Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); see also United States v. Nevils, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

[2]Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Nevils, 598 F.3d at 1164.

[3]Ariz. Rev. Stat. § 13-3623(B). However that endangerment was not "likely to produce death or serious physical injury." Id.

[4]Id. at (B)(3). Criminal negligence is "a gross deviation from the standard of care that a reasonable person would observe in the situation." Ariz. Rev. Stat. § 13-105(10)(d); see also State v. Far W. Water & Sewer Inc., 228 P.3d 909, 936–37 (Ariz. Ct. App. 2010); cf. In re William G., 963 P.2d 287, 294 (Ariz. Ct. App. 1997).

[5]See United States v. Mancuso, __ F.3d __, __, No. 12-30174, 2013 WL 1811276, at *6 (9th Cir. 2013); United States v. Howick, 263 F.3d 1056, 1063 (9th

(continued...)

circumstances likely to produce death or serious physical injury,"[6] but found guilty (on a lesser included offense theory[7]) of endangering a child "[u]nder circumstances other than those likely to produce death or serious physical injury."[8] We disagree. The uncharged offense is, indeed, a lesser included offense of the charged offense because, as relevant here, the only difference between the two is that while in both the child must be placed in danger of injury to person or health, in the charged offense that danger must rise to the level of a serious physical injury or death. That is to say, the uncharged offense elements are a subset of the charged offense elements, and one cannot commit the latter without having committed the former. See United States v. Pierre, 254 F.3d 872, 875 (9th Cir. 2001); see also Schmuck v. United States, 489 U.S. 705, 716, 109 S. Ct. 1443, 1450, 103 L. Ed. 2d 734 (1989); Beck v. Alabama, 447 U.S. 625, 633, 100 S. Ct. 2382, 2387, 65 L. Ed. 2d 392 (1980). In other words, this is a classic lesser included offense situation. See United States v. Quintero, 21 F.3d 885, 889–90 (9th Cir. 1994); Salinas v. United States, 277 F.2d 914, 916 (9th Cir. 1960); State v. Bass, 911 P.2d 549, 551

---

[5](...continued)
Cir. 2001).

[6]Ariz. Rev. Stat. § 13-3623(A) ("the charged offense").

[7]See Fed. R. Crim. P. 31(c)(1).

[8]Ariz. Rev. Stat. § 13-3623(B) ("the uncharged offense").

(Ariz. Ct. App. 1995); State v. Torres, 750 P.2d 908, 910 (Ariz. Ct. App. 1988); see also State v. Mott, 931 P.2d 1046, 1049 (Ariz. 1997); State v. Mahaney, 975 P.2d 156, 157–58 (Ariz. Ct. App. 1999).

AFFIRMED.