NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RAYMOND EUGENE GALLEGOS, JR., *Appellant*.

No. 1 CA-CR 13-0389
FILED 2-25-2014

Appeal from the Superior Court in Maricopa County
No. CR2012-009384-001
The Honorable Harriett Chavez, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Michael J. Brown joined.

---

**K E S S L E R,** Judge:

¶1 Appellant Raymond Eugene Gallegos, Jr. ("Gallegos") appeals from his convictions for burglary in the third degree, a class 4 felony, trafficking in stolen property in the first degree, a class 2 felony, and possession of burglary tools, a class 6 felony, with two historical prior felony convictions for trafficking in stolen property. *See* Ariz. Rev. Stat. ("A.R.S.") sections 13-1506 (2010), -2307 (2010), -1505 (2010). Counsel for Gallegos filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. Gallegos was given the opportunity to but did not file a supplemental brief *in propria persona*. For the following reasons, we affirm Gallegos' convictions and sentence with the exception that we vacate the portion of the sentencing order that requires Gallegos to pay for his DNA testing. *See State v. Reyes,* 232 Ariz. 468, 472, 307 P.3d 35, 39 (App. 2013) (holding that there is no basis under A.R.S. § 13-610 to require a convicted defendant to pay the cost of his DNA testing and vacating that portion of the sentencing order requiring him to do so).

## FACTUAL AND PROCEDURAL HISTORY

¶2 In June 2012, the keys to the guitar display case at Bookman's Entertainment Exchange disappeared. On June 21, 2012, an employee witnessed two male customers exhibiting unusual behavior before exiting the store in a hurry. After the men left, the employee discovered two guitars were missing from the guitar display. A review of the store's surveillance video revealed two men exiting Bookman's with the guitars.

¶3 The store manager reviewed the security footage, concluded the guitars were stolen, and called the police. Following a suggestion offered by the police, the manager checked Craigslist and located an ad for a guitar that appeared to be one stolen from Bookman's. The manager then contacted an officer, who obtained a copy of the Craigslist ad and

contacted the seller, J., by telephone. The officer agreed to meet J. and to pay cash for the advertised guitar. When J. came out of her apartment with the guitar, she was detained.

¶4            Within two minutes, Gallegos walked out of the breezeway of J.'s apartment, looked at the officers detaining her, turned and began walking away. An officer told Gallegos to stop. Gallegos and two other males who came from the breezeway of J.'s apartment were detained for further investigation. Gallegos was advised of his *Miranda*[1] rights and spoke with officers.

¶5            Gallegos initially denied any knowledge of the guitar and keys stolen from Bookman's. When police informed Gallegos that Bookman's had security cameras, his story changed. Gallegos said that another person, S., stole the keys from Bookman's. Gallegos admitted that he and S. returned to Bookman's several days later and each stole one guitar. The first guitar had been sold and Gallegos was trying to sell the guitar found in J.'s possession on Craigslist. Gallegos told officers the keys stolen from Bookman's could be found in his backpack inside J.'s apartment.

¶6            Gallegos was subsequently indicted on two counts of burglary in the third degree, class 4 felonies, two counts of trafficking in stolen property in the first degree, class 2 felonies, and one count of possession of burglary tools, a class 6 felony. The State filed an allegation of two historical prior felonies to be used for sentence enhancement.

¶7            Gallegos declined the State's offer to plead guilty to two counts of trafficking in stolen property, and a twelve-person jury trial returned a verdict of guilty on one count of burglary in the third degree, one count of trafficking in stolen property in the first degree, and possession of burglary tools.

¶8            After the State proved two historical priors, the court sentenced Gallegos to mitigated terms of eight years for burglary in the third degree, fourteen years for trafficking in stolen property in the first degree, and three years for possession of burglary tools. The judge ordered the sentences to run concurrently and credited Gallegos with 227 days of presentence incarceration credit. Gallegos also stipulated to $1,000 in restitution to Bookman's, in joint and several liability with J. and S.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

**¶9**        Gallegos timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2003), 13-4031 (2010), and -4033(A)(1) (2010).

## DISCUSSION

**¶10**        In an *Anders* appeal, this Court must review the entire record for fundamental error. *State v. Richardson*, 175 Ariz. 336, 339, 857 P.2d 388, 391 (App. 1993).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)).  To obtain a reversal, the defendant must also demonstrate that the error caused prejudice. *Id.* at ¶ 20.  On review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against the defendant. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).  "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25, 555 P.2d 1117, 1118-19 (1976)).

**¶11**        There is evidence in the record to support Gallegos' conviction for burglary, trafficking in stolen property, and possession of burglary tools.

**¶12**        To obtain a conviction of burglary in the third degree, the State must prove that the defendant entered or remained unlawfully in or on a nonresidential structure and did so with the intent to commit any theft therein.  A.R.S. § 13-1506(A)(1).  There is sufficient evidence to support this finding.  The evidence presented at trial included Gallegos' post-*Miranda* warning admissions to the police that he and his accomplice went to Bookman's and each took a guitar, as well as Bookman's security camera footage showing two men walking out of the store, each with one guitar by his side.

**¶13**        To obtain a conviction of trafficking in stolen property in the first degree, the State must prove that the defendant knowingly initiated, organized, planned, directed, managed, and/or supervised the theft of property of another, the defendant knowingly initiated, organized, planned, directed, managed, and/or supervised the trafficking in the same property, and such property was stolen.  A.R.S. § 13-2307(B); *See*

*State v. Bass*, 184 Ariz. 543, 546, 911 P.2d 549, 552 (App. 1995). There is sufficient evidence to support this finding. The evidence presented at trial included Gallegos' admissions to the police that J. was to sell the guitar on Craigslist and Gallegos' apparent organization and direction of the sale as indicated by his presence in the parking lot just minutes after J. was caught trying to sell the guitar to the officer.

¶14        To obtain a conviction of possession of burglary tools, the State must prove that the defendant possessed any explosive, tool, instrument, or other article adapted or commonly used for committing burglary and intended to use or permit the use of such an item in the commission of a burglary. A.R.S. § 13-1505(A)(1). There is sufficient evidence to support this finding. The evidence presented at trial included Gallegos' statements to the police that the keys to the Bookman's guitar case could be found in his backpack inside J.'s apartment. The keys recovered from the backpack from J.'s apartment were the keys that opened the Bookman's guitar case.

## CONCLUSION

¶15        After careful review of the record, we find no meritorious grounds for reversal of Gallegos' conviction or modification of the sentence imposed with the exception of the portion of the sentence that requires Gallegos to pay for his DNA testing. The evidence supports the verdict, the sentence imposed was within the sentencing limits,[2] the proceedings were held in accordance with the Arizona Rules of Criminal Procedure, and Gallegos was present and represented at all critical stages of the proceedings below. Accordingly, we affirm Gallegos' conviction and sentence with the exception that we vacate the portion of the sentencing order that requires Gallegos to pay for his DNA testing.

---

[2] A.R.S. § 13-703(C), (J) (2010).

**¶16** Upon the filing of this decision, counsel shall inform Gallegos of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Gallegos shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: mjt