NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRIAN DONAL GORLA, *Appellant*.

No. 1 CA-CR 18-0075
FILED 1-8-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-102970-001
The Honorable Julie Ann Mata, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

**B R O W N**, Judge:

¶1   Brian Donal Gorla appeals his conviction and sentence for first-degree burglary. Gorla argues the trial court erred in finding that a two-drawer filing cabinet falls within the definition of a nonresidential structure under Arizona Revised Statutes ("A.R.S.") section 13-1501(10) and (12). He also argues that prosecutorial misconduct denied him due process. For the following reasons, we affirm.

## BACKGROUND

¶2   After receiving a mobile notification that something had triggered his home's motion sensors and seeing a flashlight beam outside, T.B. grabbed his gun and went to investigate. Once outside, T.B. saw Gorla holding a flashlight and looking inside the drawer of a filing cabinet located next to the garage door of T.B.'s home. T.B. pointed his gun and told Gorla to "freeze," but Gorla ran away, yelling, "Don't shoot. I'm unarmed." Hearing the commotion, one of T.B.'s neighbors came outside, apprehended Gorla, and held him at gun point.

¶3   Police officers who arrived shortly thereafter removed a gun from Gorla's possession and found a pair of safety goggles located next to a neighboring wall, which according to T.B. had been stored in the filing cabinet. Gorla implicitly admitted he had been "inside" the filing cabinet but claimed he thought it was trash.

¶4   The State charged Gorla with burglary in the first degree, a class 3 felony. Before trial, Gorla filed a motion in limine requesting that the court determine "a filing cabinet is not a non-residential structure pursuant to A.R.S. § 13-1501." The trial court denied the motion, explaining that the filing cabinet is "a non-residential structure pursuant both to statute and . . . case law."

¶5   Gorla raised this same argument, among others, at the conclusion of the State's presentation of evidence in his motion for a judgment of acquittal pursuant to Arizona Rule of Criminal Procedure

("Rule") 20. The court denied the motion, stating it would "stand on the prior ruling that a file cabinet is a nonresidential structure." A jury found Gorla guilty as charged. He was sentenced to eight years' imprisonment and he timely appealed.

## DISCUSSION

### A. Rule 20 Motion

¶6 Gorla asserts the court erred in denying his Rule 20 motion, arguing there was insufficient evidence supporting his entry of a nonresidential structure because a filing cabinet is not a nonresidential structure. We review the denial of a Rule 20 motion de novo, asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. West*, 226 Ariz. 559, 562, ¶¶ 15, 16 (2011) (citation omitted). "We review issues of statutory interpretation de novo." *State v. Francis*, 243 Ariz. 434, 435, ¶ 6 (2018). "When the statutory language is clear and has only one reasonable construction, we apply it according to its plain meaning." *Id.*

¶7 The State had the burden to prove beyond a reasonable doubt that Gorla entered a nonresidential structure with the intent to commit any theft or any felony, A.R.S. § 13-1506, and that he did so while knowingly possessing a deadly weapon, A.R.S. § 13-1508. The legislature has defined a "nonresidential structure" as a "structure other than a residential structure." A.R.S. § 13-1501(10). A "structure," in relevant part, "means . . . any vending machine or any building, *object*, vehicle, railroad car or place with sides and a floor that is separately securable from any other structure attached to it and that is used for lodging, business, transportation, recreation or storage." A.R.S. § 13-1501(12) (emphasis added).

¶8 Gorla argues T.B.'s filing cabinet is not a nonresidential structure because it was not "separately securable from any other structure attached to it." However, "§ 13-1501(12) does not require that all parts of a single structure be 'securable.' Rather, the second requirement applies to "two 'separately securable' structures that are attached." *State v. Bon*, 236 Ariz. 249, 252, ¶ 10 (App. 2014). Thus, the "separately securable" requirement does not apply, as T.B.'s filing cabinet was an independent structure placed next to his garage.

¶9 Gorla's next argument revolves around the size of the filing cabinet and its movability. He asserts that labeling a "small, two-drawer . . . filing cabinet" a nonresidential structure "broadens the legislative

definition to an absurd degree" because any "object that can simply be . . . carried away cannot logically be a 'structure,' for if that is true [then] anything capable of being locked and large enough to store anything at all is a structure for purposes of the burglary statutes." While it is conceivable that applying the statutory definition of a nonresidential structure could lead to an absurd result at some point, that situation is not before us. *See Velasco v. Mallory*, 5 Ariz. App. 406, 410–11 (1967) ("We will not render advisory opinions anticipative of troubles which do not exist; may never exist; and the precise form of which, should they ever arise, we cannot predict."). The filing cabinet is plainly an object and the evidence shows it was used for storage; therefore, the court did not err in denying Gorla's Rule 20 motion because a rational trier of fact could find the evidence supported an unlawful entry into a nonresidential structure.

### B. Prosecutorial Misconduct

**¶10** Gorla also argues the prosecutor committed prosecutorial misconduct, depriving him of a "fair deliberation," by characterizing Gorla's offense in closing argument as "porch thievery" and making the following comments to the jury during rebuttal:

> [I]n the day and age when you have people ordering things online and people having things dropped off next to their porch, at a holiday season coming up--when you have all of these things happening and you have a defendant who is out in January, at midnight, in a strange place, taking things that [do] not belong to him, you folks get to decide what kind of a community you want to live in. That's your job . . .

> Use your common sense. What kind of a community do you want to live in . . . [w]here it's allowed--where this guy can walk up and do what he wants on a stranger's yard and get caught and say, "[o]ops. I'm sorry."

**¶11** Gorla did not object to these statements at trial, so we review for "error that was both fundamental and prejudicial." *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). To prevail on appeal, Gorla must first prove that a fundamental error occurred, which is established by "showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Id.* at 142, ¶ 21. If he establishes fundamental error under either prong one or two, Gorla must then make a separate, "fact intensive" showing of prejudice. *Id.* (citation

omitted). If he establishes fundamental error under prong three, prejudice is presumed, and a new trial will be granted. *Id.*

¶12 Prosecutorial misconduct must be so egregious that it "infect[s] the trial with unfairness" such that the "resulting conviction is a denial of due process." *State v. Hughes*, 193 Ariz. 72, 79, ¶ 26 (1998) (citation omitted). To meet this standard, Gorla must demonstrate the State acted in an intentionally improper or prejudicial manner, *State v. Ramos*, 235 Ariz. 230, 237, ¶ 22 (App. 2014), so "pronounced and persistent that it permeate[d] the entire atmosphere of the trial," *State v. Atwood*, 171 Ariz. 576, 611 (citation omitted).

¶13 Gorla asserts the porch-thievery characterization misstated the facts because he never approached the porch of the home, and the comments during the State's rebuttal improperly encouraged the jurors to preserve law and order. The prosecutor's use of "porch -thievery" was not misconduct because the State clarified it meant "taking property . . . from the front of someone else's home," which the evidence supports because Gorla was found to be taking property from in front of T.B.'s home. As for the comments during the State's rebuttal closing argument, a prosecutor cannot "urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future law breaking." *State v. Herrera*, 174 Ariz. 387, 396 (1993) (citation omitted). Here, although the prosecutor implicitly urged the jury to deter future law breaking and preserve civil order, the comments were not "pronounced and persistent," *Atwood*, 171 Ariz. at 611, nor did they pervade the entirety of the trial so as to deprive Gorla "of a fair trial and render the resulting conviction a denial of due process," *State v. Hernandez*, 170 Ariz. 301, 307 (App. 1991).

¶14 Finally, the evidence overwhelmingly supports a conviction. T.B. saw Gorla looking into a drawer of a filing cabinet T.B. used for storage. After T.B. confronted Gorla and he fled, officers found safety glasses—initially located inside the filing cabinet—near a neighboring wall, which indicates Gorla's entry into the filing cabinet. Furthermore, Gorla admitted to entering the filing cabinet, although he claimed he did so thinking it was trash. Given the strength of this evidence, it is not reasonable to conclude Gorla was convicted based on the prosecutor's comment about preserving law and order. *See State v. Comer*, 165 Ariz. 413, 427 (1990) (considering overwhelming evidence of guilt to render prosecutor's comments harmless). For these reasons, Gorla has not established that fundamental error occurred due to prosecutorial misconduct.

## CONCLUSION

¶15        Gorla's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA